UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**STACY SCHMIDT**,
individually and on behalf of
all those similarly situated,

        Plaintiff,

   v.

**MADISON EMERGENCY PHYSICIANS, S.C.**,

        Defendant.

Case No. 25-cv-87

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

---

### PRELIMINARY STATEMENT

1. This lawsuit is a collective and class action brought by Individual and Representative Plaintiff, Stacy Schmidt ("Schmidt"), on behalf of herself and on behalf of the proposed classes, against Madison Emergency Physicians, S.C. ("MEP"). Schmidt worked for MEP as an advanced practice provider ("APP"). MEP paid Schmidt and other similarly situated employees an hourly wage. Schmidt and other similarly situated employees regularly worked more than 40 hours in a workweek. However, MEP did not pay Schmidt and other similarly situated employees at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek in violation of the Fair Labor Standards Act ("FLSA") and Wisconsin law.

2. Plaintiff individually brings a claim for breach of contract. Schmidt and MEP entered into an employment contract on August 20, 2020. Pursuant to the employment contract, MEP may terminate an employee without cause by providing 90-day written notice. MEP may suspend the employee's duties during that notice period, but must continue to compensate the employee through the end of their notice period. On or around October 8, 2024, Schmidt submitted her 90-day employment termination notice as required by her employment contract with MEP. MEP responded by terminating Schmidt's employment without cause, as defined by the contract, effective immediately and without compensation for the notice period. Schmidt suffered damages as a result of MEP's breach of contract in violation of Wisconsin law.

## JURISDICTION AND VENUE

3. The Court has original jurisdiction over Schmidt's FLSA claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Schmidt's state law claims under 28 U.S.C. § 1367 because those claims are part of the same case or controversy as Schmidt's FLSA claims.

4. Venue is proper in the United States District Court for the Western District of Wisconsin under 28 U.S.C. § 1391(b)(1) and (2) because Schmidt resides in this district and because the events and omissions giving rise to these claims occurred in this district.

## PARTIES

5. Stacy Schmidt is an adult resident of Watertown, Wisconsin. Schmidt has consented in writing to assert claims for overtime wages under the FLSA. Her consent form is filed as **Exhibit 1**.

6. Madison Emergency Physicians, S.C., is a service corporation with its principal office at 1221 John Q Hammons Drive, Madison, Wisconsin 53717. Its registered agent is Michael Foley, MD, at 700 South Park Street, Suite 104, Madison, Wisconsin 53715.

## FACTUAL ALLEGATIONS

7. MEP operates a private practice group of physicians and APPs that staff emergency departments and urgent care centers in Southern Wisconsin.

8. On August 20, 2020, Schmidt entered an employment contract with MEP to work as an APP. (**Exhibit 2**.)

9. The contract provided the terms and conditions of Schmidt's employment, including compensation and employment termination procedures.

10. Throughout the three years preceding the filing of this action, Schmidt and the putative class members worked as APPs for MEP.

11. Throughout the three years preceding the filing of this action, Schmidt and the putative class members worked more than 40 hours in at least one workweek.

12. Throughout the three years preceding the filing of this action, MEP had uniform policies and practices applicable to APPs.

13. MEP paid APPs an hourly wage.

3

14. APPs at MEP are not bona fide practitioners of medicine.

15. MEP regularly scheduled APPs to work more than 40 hours in a workweek.

16. APPs regularly worked more than 40 hours in a workweek.

17. MEP paid APPs at their regular rate of pay for hours worked in excess of 40 hours in a workweek.

18. As a result of these uniform policies and practices, MEP failed to pay Schmidt and the putative class members at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

19. Schmidt brings this action on behalf of herself and on behalf of all other similarly situated employees pursuant to 29 U.S.C. § 216(b). The **Collective Class** is defined as follows:

> All persons who have been or are employed as an Advanced Practice Provider by Madison Emergency Physicians, S.C., at any time during the past three years and who worked more than 40 hours in at least one workweek during the past three years.

20. Schmidt brings this action on behalf of herself and on behalf of all other similarly situated employees pursuant to Federal Rule of Civil Procedure 23. The **Wisconsin Overtime Class** is defined as follows:

> All persons who have been or are employed as an Advanced Practice Provider by Madison Emergency Physicians, S.C., at any time during the past two years and who worked more than 40 hours in at least one workweek during the past two years.

21. On or around October 8, 2024, Schmidt submitted a 90-day resignation notice, as required by her employment contract.

22. Schmidt expected to continue regular employment with MEP during her notice period.

23. On or around the same date, MEP stated that it intended to terminate Schmidt's employment because she had been working at another clinic outside of MEP hours.

24. Working for another clinic outside MEP hours is not a violation of the contract and does not provide cause for immediate termination.

25. When MEP does not have cause for termination, it must give the employee a 90-day notice period.

26. When terminating without cause, MEP may elect to suspend an employee's duties during their 90-day notice period, but MEP must still fully compensate the employee during that period.

27. The contract does not provide employees an ability to terminate their employment effective immediately under any circumstances.

28. Regardless of whether Schmidt provided notice or MEP provided notice, MEP was required to compensate Schmidt during her 90-day notice period.

29. MEP coerced Schmidt into agreeing to suspend her duties immediately.

30. MEP failed to compensate Schmidt during her 90-day notice period in violation of the parties' employment contract.

31. Schmidt brings this action for breach of contract individually.

## CLASS ALLEGATIONS

32. The members of the Wisconsin Overtime Class are so numerous that joinder of all members is impracticable. On information and belief, there are at least 40 members of the Wisconsin Overtime Class.

33. There are questions of law and fact common to the Wisconsin Overtime Class that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claims, including:

   a. Whether MEP maintained a policy or practice of failing to pay APPs at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek; and

   b. The proper measure of damages sustained by Schmidt and the Wisconsin Overtime Class.

34. Schmidt's claims are typical of those of the Wisconsin Overtime Class. Schmidt, like other members of the Wisconsin Overtime Class, was subjected to MEP's policies and practices of failing to pay APPs for hours worked in excess of 40 hours in a workweek and failing to pay APPs one and one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek. As a result, Schmidt, like other members of the Wisconsin Overtime Class, suffered wage loss.

35. Schmidt will fairly and adequately protect the interests of the Wisconsin Overtime Class and has retained counsel experienced in complex wage and hour litigation.

36. Certification of the Wisconsin Overtime Class is appropriate under Rule 23(b)(3) because questions of law and fact common to the Wisconsin Overtime Class predominate over any questions affecting only individual class members, and because

6

a class action is superior to other available methods for the fair and efficient adjudication of this litigation. MEP's uniform policies and practices denied the Wisconsin Overtime Class the wages for work performed and to which they are entitled. The damages suffered by each class member are small compared to the expense and burden of individually litigating each class member's claim. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about MEP's pay practices.

37. Schmidt intends to send notice to all members of the Wisconsin Overtime Class to the extent required by Rule 23.

**FIRST CLAIM FOR RELIEF:**
**FAILURE TO PAY OVERTIME IN VIOLATION OF**
**THE FAIR LABOR STANDARDS ACT**

38. Schmidt, individually and on behalf of the Collective Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

39. MEP has been, and continues to be, an employer within the meaning of 29 U.S.C. § 203(d).

40. MEP has been, and continues to be, an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(B).

41. Schmidt and the Collective Class are or were employees of MEP within the meaning of 29 U.S.C. § 203(e).

42. Schmidt and the Collective Class are not exempt from the overtime pay requirements of the FLSA.

43. As alleged above, throughout the three years preceding the filing of this action, MEP failed to pay Schmidt and the Collective Class at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

44. This violates 29 U.S.C. § 207(a), which requires employers to compensate non-exempt employees at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

45. MEP knew or showed reckless disregard for the fact that it failed to pay Schmidt and the Collective Class overtime wages in violation of the FLSA.

46. Schmidt and the Collective Class suffered wage losses as a result of MEP's violations of the FLSA.

## SECOND CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME IN VIOLATION OF WISCONSIN LAW

47. Schmidt, individually and on behalf of the Wisconsin Overtime Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

48. MEP has been, and continues to be, an employer within the meaning of Wis. Stat. §§ 103.01(1) and 109.01(2).

49. Schmidt and the Wisconsin Overtime Class are or were employees of MEP within the meaning of Wis. Stat. §§ 103.001(5) and 109.01(1r) and Wis. Admin. Code § DWD 274.015.

50. Schmidt and the Wisconsin Overtime Class are not exempt from the overtime pay requirements of Wisconsin law.

51. As alleged above, throughout the two years preceding the filing of this action, MEP failed to pay Schmidt and the Wisconsin Overtime Class at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

52. This violates Wis. Admin. Code § DWD 274.03, which requires employers to compensate non-exempt employees at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

53. This also violates Wis. Stat. § 109.03, which requires payment of all earned wages within 31 days of when they are earned.

54. MEP's violation of Wisconsin law was dilatory and unjust.

55. Schmidt and the Wisconsin Overtime Class suffered wage losses as a result of MEP's violations of the Wisconsin law.

### THIRD CLAIM FOR RELIEF:
### BREACH OF CONTRACT IN VIOLATION OF WISCONSIN LAW

56. Schmidt individually alleges and incorporates by reference the allegations in the preceding paragraphs.

57. The employment contract entered into between Schmidt and MEP was a contract under Wisconsin law.

58. MEP breached the contract by failing to pay Schmidt compensation during her 90-day notice period.

59. This also violates Wis. Stat. § 109.03, which requires payment of all earned wages, including severance and dismissal pay established by policy or agreement, within 31 days of when they are earned.

60. As a result of MEP's breach, Schmidt has incurred damages, including unpaid wages and attorney fees.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all members of the putative classes, prays for the following relief:

A. An order designating this action as a collective action and authorizing issuance of notice pursuant to 29 U.S.C. § 216(b) to the Collective Class;

B. An order certifying this action as a class action on behalf of the proposed Wisconsin Overtime Class under Federal Rule of Civil Procedure 23(b)(3);

C. An order designating Stacy Schmidt as representative of the Wisconsin Overtime Class;

D. An order designating Hawks Quindel, S.C., as class counsel;

E. An order declaring that MEP violated the FLSA and Wisconsin wage and hour laws;

F. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

G. Judgment against MEP in the amount equal to Schmidt's, the Collective Class's, and the Wisconsin Overtime Class's unpaid back wages at the applicable overtime rates;

H. An award in the amount of all liquidated damages and penalties as provided under the FLSA and Wisconsin wage and hour laws;

      I.      An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims;

      J.      Leave to amend the Complaint to add additional claims; and

      K.      Any further relief as the Court deems just and equitable.

      WHEREFORE, Plaintiff, individually, prays for the following relief:

      L.      An order finding that MEP breached its employment contract with Schmidt, and failed to pay all wages due to Schmidt, in violation of Wisconsin law;

      M.      An award in the amount of Schmidt's unpaid wages and other compensation for her 90-day notice period;

      N.      An award in the amount of all liquidated damages and penalties as provided under Wisconsin wage and hour laws;

      O.      An award of pre- and post-judgment interest in the amount permitted by law;

      P.      An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

      Q.      Any further relief as the Court deems just and equitable.

Submitted on this 6th day of February, 2025.

                Attorneys for the Plaintiff

                By:   *s/ David C. Zoeller*
                **HAWKS QUINDEL, S.C.**
                David C. Zoeller, State Bar No. 1052017
                Email: dzoeller@hq-law.com
                Natalie L. Gerloff, State Bar No. 1117798
                Email: ngerloff@hq-law.com
                Post Office Box 2155
                Madison, Wisconsin 53701-2155
                Telephone: (608) 257-0040
                Facsimile: (608) 256-0236