**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

---

Stacey Schmidt,

      Plaintiff,                            Case No:  3:25-cv-00087-jdp

      v.

Madison Emergency Physicians, S.C.,

      Defendant.

---

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

---

Defendant, Madison Emergency Physicians, S.C. ("Defendant" or "MEP"), by and through its attorneys, hereby submits its Answers and Affirmative Defenses to Plaintiff's Complaint ("Complaint") as follows:

### PRELIMINARY STATEMENT

1.      This lawsuit is a collective and class action brought by Individual and Representative Plaintiff, Stacy Schmidt ("Schmidt"), on behalf of herself and on behalf of the proposed classes, against Madison Emergency Physicians, S.C. ("MEP"). Schmidt worked for MEP as an advanced practice provider ("APP"). MEP paid Schmidt and other similarly situated employees an hourly wage. Schmidt and other similarly situated employees regularly worked more than 40 hours in a workweek. However, MEP did not pay Schmidt and other similarly situated employees at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek in violation of the Fair Labor Standards Act ("FLSA") and Wisconsin law.

**ANSWER NO. 1**:  **Defendant admits only that Plaintiff purports to bring this action on behalf of herself and other individuals, admits that Plaintiff worked for Defendant as an**

**APP, admits that Defendant paid Plaintiff, admits that Plaintiff worked more than 40 hours in a workweek on at least one occasion, denies that Plaintiff or any alleged class members were not compensated in accordance with applicable state and federal law, denies the class certification is appropriate, and denies the remainder of allegations therein.**

2.      Plaintiff individually brings a claim for breach of contract. Schmidt and MEP entered into an employment contract on August 20, 2020. Pursuant to the employment contract, MEP may terminate an employee without cause by providing 90-day written notice. MEP may suspend the employee's duties during that notice period, but must continue to compensate the employee through the end of their notice period. On or around October 8, 2024, Schmidt submitted her 90-day employment termination notice as required by her employment contract with MEP. MEP responded by terminating Schmidt's employment without cause, as defined by the contract, effective immediately and without compensation for the notice period. Schmidt suffered damages as a result of MEP's breach of contract in violation of Wisconsin law.

**ANSWER NO. 2**:  **Defendant admits only that Defendant and Plaintiff entered into an employment agreement on August 20, 2020, admits that Defendant may terminate Plaintiff's agreement for a number of reasons outlined in the agreement, denies that Plaintiff suffered damages, and denies the remainder of the allegations therein.**

## JURISDICTION AND VENUE

3.      The Court has original jurisdiction over Schmidt's FLSA claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Schmidt's state law claims under 28 U.S.C. § 1367 because those claims are part of the same case or controversy as Schmidt's FLSA claims.

2

**ANSWER NO. 3**:  **Defendant admits that the Court has original and supplemental jurisdiction over the claims but denies that Plaintiff has stated an adequate claim for relief or is entitled to relief whatsoever.**

4.    Venue is proper in the United States District Court for the Western District of Wisconsin under 28 U.S.C. § 1391(b)(1) and (2) because Schmidt resides in this district and because the events and omissions giving rise to these claims occurred in this district.

**ANSWER NO. 4**:  **Paragraph 4 of the Complaint contains legal conclusions to which no responses is required. To the extent a response is required, upon information and belief, Defendant admits that Schmidt resides in this district and that the events and omissions giving rise to Plaintiff's alleged claims occurred in this district and denies any other factual allegations therein.**

## PARTIES

5.    Stacy Schmidt is an adult resident of Watertown, Wisconsin. Schmidt has consented in writing to assert claims for overtime wages under the FLSA. Her consent form is filed as **Exhibit 1**.

**ANSWER NO. 5**:  **Paragraph 5 of the Complaint contains legal conclusions to which no response is required. Defendant admits only that Plaintiff has filed what purports to be a consent form with the Court (ECF No. 1-1) and denies any other allegations therein.**

6.    Madison Emergency Physicians, S.C., is a service corporation with its principal office at 1221 John Q Hammons Drive, Madison, Wisconsin 53717. Its registered agent is Michael Foley, MD, at 700 South Park Street, Suite 104, Madison, Wisconsin 53715.

**ANSWER NO. 6**:  **ADMITS.**

3

**FACTUAL ALLEGATIONS**

7.      EP operates a private practice group of physicians and APPs that staff emergency departments and urgent care centers in Southern Wisconsin.

**ANSWER NO. 7**:  **ADMITS.**

8.      On August 20, 2020, Schmidt entered an employment contract with MEP to work as an APP. (**Exhibit 2.**)

**ANSWER NO. 8**:  **ADMITS.**

9.      The contract provided the terms and conditions of Schmidt's employment, including compensation and employment termination procedures.

**ANSWER NO. 9**:  **ADMITS.**

10.     Throughout the three years preceding the filing of this action, Schmidt and the putative class members worked as APPs for MEP.

**ANSWER NO. 10**:  **Defendant lacks sufficient knowledge and information necessary to form a belief as to the alleged class members. Defendant admits only that Plaintiff worked as an APP for MEP in the three years prior to the filing of this action, and denies the remainder of the allegations therein.**

11.     Throughout the three years preceding the filing of this action, Schmidt and the putative class members worked more than 40 hours in at least one workweek.

**ANSWER NO. 11**:  **Defendant lacks sufficient knowledge and information necessary to form a belief as to the alleged class members. Defendant admits only that Plaintiff worked more than 40 hours in at least one workweek in the three years prior to the filing of this action, and denies the remainder of the allegations therein.**

12.     Throughout the three years preceding the filing of this action, MEP had uniform policies and practices applicable to APPs.

4

**ANSWER NO. 12**:  **Defendant admits only that it has policies and practices applicable to APPs, admits that policies and practices applicable to APPs were in place throughout the three years preceding the filing of this action, and denies the remainder of the allegations therein.**

13.    MEP paid APPs an hourly wage.

**ANSWER NO. 13**:  **DENIES.**

14.    APPs at MEP are not bona fide practitioners of medicine.

**ANSWER NO. 14**:  **DENIES.**

15.    MEP regularly scheduled APPs to work more than 40 hours in a workweek.

**ANSWER NO. 15**:  **Defendant admits only that Plaintiff worked more than 40 hours in a workweek on more than one occasion and denies the remainder of the allegations therein.**

16.    APPs regularly worked more than 40 hours in a workweek.

**ANSWER NO. 16**:  **Defendant admits only that Plaintiff worked more than 40 hours in a workweek on more than one occasion and denies the remainder of the allegations therein.**

17.    MEP paid APPs at their regular rate of pay for hours worked in excess of 40 hours in a workweek.

**ANSWER NO. 17**:  **Defendant admits only that Plaintiff was paid for hours worked in excess of 40 hours in a workweek and denies the remainder of the allegations therein.**

18.    As a result of these uniform policies and practices, MEP failed to pay Schmidt and the putative class members at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

**ANSWER NO. 18**:  **DENIES.**

19.     Schmidt brings this action on behalf of herself and on behalf of all other similarly situated employees pursuant to 29 U.S.C. § 216(b). The **Collective Class** is defined as follows:

> All persons who have been or are employed as an Advanced Practice Provider by Madison Emergency Physicians, S.C., at any time during the past three years and who worked more than 40 hours in at least one workweek during the past three years.

**ANSWER NO. 19**: **Defendant admits only that Plaintiff purports to bring this action on behalf of other allegedly similarly situated employees, denies that Plaintiff has adequately defined a class under Fed. R. Civ. P. 23, denies that class certification is appropriate, and denies the remainder of the allegations therein.**

20.     Schmidt brings this action on behalf of herself and on behalf of all other similarly situated employees pursuant to Federal Rule of Civil Procedure 23. The **Wisconsin Overtime Class** is defined as follows:

> All persons who have been or are employed as an Advanced Practice Provider by Madison Emergency Physicians, S.C., at any time during the past two years and who worked more than 40 hours in at least one workweek during the past two years.

**ANSWER NO. 20**: **Defendant admits only that Plaintiff purports to bring this action on behalf of other allegedly similarly situated employees, denies that Plaintiff has adequately defined a class under Fed. R. Civ. P. 23, denies that class certification is appropriate, and denies the remainder of the allegations therein.**

21.     On or around October 8, 2024, Schmidt submitted a 90-day resignation notice, as required by her employment contract.

**ANSWER NO. 21**: **DENIES.**

22.     Schmidt expected to continue regular employment with MEP during her notice period.

6

**ANSWER NO. 22**:  **Defendants lacks sufficient information and knowledge necessary to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and therefore denies.**

23.     On or around the same date, MEP stated that it intended to terminate Schmidt's employment because she had been working at another clinic outside of MEP hours.

**ANSWER NO. 23**:  **ADMITS.**

24.     Working for another clinic outside MEP hours is not a violation of the contract and does not provide cause for immediate termination.

**ANSWER NO. 24**:  **DENIES.**

25.     When MEP does not have cause for termination, it must give the employee a 90-day notice period.

**ANSWER NO. 25**:  **DENIES.**

26.     When terminating without cause, MEP may elect to suspend an employee's duties during their 90-day notice period, but MEP must still fully compensate the employee during that period.

**ANSWER NO. 26**:  **DENIES.**

27.     The contract does not provide employees an ability to terminate their employment effective immediately under any circumstances.

**ANSWER NO. 27**:  **DENIES.**

28.     Regardless of whether Schmidt provided notice or MEP provided notice, MEP was required to compensate Schmidt during her 90-day notice period.

**ANSWER NO. 28**:  **DENIES.**

29.     MEP coerced Schmidt into agreeing to suspend her duties immediately.

**ANSWER NO. 29**: **DENIES.**

30.     MEP failed to compensate Schmidt during her 90-day notice period in violation of the parties' employment contract.

**ANSWER NO. 30**: **DENIES.**

31.     Schmidt brings this action for breach of contract individually.

**ANSWER NO. 31**:  **Defendant admits only that Plaintiff has alleged an individual breach of contract action, but denies that she is entitled to any relief.**

### CLASS ALLEGATIONS

32.     The members of the Wisconsin Overtime Class are so numerous that joinder of all members is impracticable. On information and belief, there are at least 40 members of the Wisconsin Overtime Class.

**ANSWER NO. 32**:  **DENIES.**

33.     There are questions of law and fact common to the Wisconsin Overtime Class that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claims, including:

    a. Whether MEP maintained a policy or practice of failing to pay APPs at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek; and
    b. The proper measure of damages sustained by Schmidt and the Wisconsin Overtime Class.

**ANSWER NO. 33**:  **Paragraph 33 of the Complaint contains only legal conclusions to which no response is required; to the extent a response is required, DENIES.**

34.     Schmidt's claims are typical of those of the Wisconsin Overtime Class.  Schmidt, like other members of the Wisconsin Overtime Class, was subjected to MEP's policies and practices of failing to pay APPs for hours worked in excess of 40 hours in a workweek and failing to pay APPs one

and one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek. As a result, Schmidt, like other members of the Wisconsin Overtime Class, suffered wage loss.

**ANSWER NO. 34**:  **Paragraph 34 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, Defendant specifically denies that Plaintiff or any of the individuals who Plaintiff purports to represent were denied wages to which they are entitled, denies Plaintiff's claims are typical of those of any alleged class members, denies that Plaintiff or any of the individuals who Plaintiff purports to represent suffered wage loss, and denies the remainder of the allegations therein.**

35.    Schmidt will fairly and adequately protect the interests of the Wisconsin Overtime Class and has retained counsel experienced in complex wage and hour litigation.

**ANSWER NO. 35**:  **Paragraph 35 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, DENIES.**

36.    Certification of the Wisconsin Overtime Class is appropriate under Rule 23(b)(3) because questions of law and fact common to the Wisconsin Overtime Class predominate over any questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. MEP's uniform policies and practices denied the Wisconsin Overtime Class the wages for work performed and to which they are entitled. The damages suffered by each class member are small compared to the expense and burden of individually litigating each class member's claim. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about MEP's pay practices.

**ANSWER NO. 36**:  **Paragraph 36 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant specifically denies that Plaintiff or any of the individual who Plaintiff purports to represent were denied wages to which they are**

entitled, denies that any damages were suffered, and denies that certification will avoid duplicative litigation and inconsistent judgments. Defendant denies the remainder of the allegations therein.

37.     Schmidt intends to send notice to all members of the Wisconsin Overtime Class to the extent required by Rule 23.

**ANSWER NO. 37**:  **Defendant has insufficient knowledge and information necessary to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and therefore denies.**

### FIRST CLAIM FOR RELIEF:
### FAILURE TO PAY OVERTIME IN VIOLATION OF
### THE FAIR LABOR STANDARDS ACT

38.     Schmidt, individually and on behalf of the Collective Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

**ANSWER NO. 38**:  **Defendant re-alleges and incorporates by reference its responses to the preceding paragraphs of the Complaint.**

39.     MEP has been, and continues to be, an employer within the meaning of 29 U.S.C. § 203(d).

**ANSWER NO. 39**:  **ADMITS.**

40.     MEP has been, and continues to be, an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(B).

**ANSWER NO. 40**:  **ADMITS.**

41.     Schmidt and the Collective Class are or were employees of MEP within the meaning of 29 U.S.C. § 203(e).

**ANSWER NO. 41**:  **ADMITS.**

42.     Schmidt and the Collective Class are not exempt from the overtime pay requirements of the FLSA.

**ANSWER NO. 42**: **Paragraph 42 of the Complaint contains only legal conclusions to which no response is required. To the extent a response is required, DENIES.**

43.     As alleged above, throughout the three years preceding the filing of this action, MEP failed to pay Schmidt and the Collective Class at a rate of one and one- half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

**ANSWER NO. 43**: **DENIES.**

44.     This violates 29 U.S.C. § 207(a), which requires employers to compensate non-exempt employees at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

**ANSWER NO. 44**: **Paragraph 44 of the Complaint contains only legal conclusions to which no response is required.**

45.     MEP knew or showed reckless disregard for the fact that it failed to pay Schmidt and the Collective Class overtime wages in violation of the FLSA.

**ANSWER NO. 45**: **DENIES.**

46.     Schmidt and the Collective Class suffered wage losses as a result of MEP's violations of the FLSA.

**ANSWER NO. 46**: **DENIES.**

**SECOND CLAIM FOR RELIEF:**
**FAILURE TO PAY OVERTIME IN VIOLATION OF WISCONSIN LAW**

47.     Schmidt, individually and on behalf of the Wisconsin Overtime Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

**ANSWER NO. 47**: **Defendant re-alleges and incorporates by reference its responses to the preceding paragraphs of the Complaint.**

48.     MEP has been, and continues to be, an employer within the meaning of Wis. Stat. §§ 103.01(1) and 109.01(2).

**ANSWER NO. 48**:  **ADMITS.**

49.     Schmidt and the Wisconsin Overtime Class are or were employees of MEP within the meaning of Wis. Stat. §§ 103.001(5) and 109.01(1r) and Wis. Admin. Code § DWD 274.015.

**ANSWER NO. 49**:  **ADMITS.**

50.     Schmidt and the Wisconsin Overtime Class are not exempt from the overtime pay requirements of Wisconsin law.

**ANSWER NO. 50**:  **Paragraph 50 of the Complaint contains only legal conclusions to which no response is required. To the extent a response is required, DENIES.**

51.     As alleged above, throughout the two years preceding the filing of this action, MEP failed to pay Schmidt and the Wisconsin Overtime Class at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

**ANSWER NO. 51**:  **DENIES.**

52.     This violates Wis. Admin. Code § DWD 274.03, which requires employers to compensate non-exempt employees at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

**ANSWER NO. 52**:  **Paragraph 52 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it violated any of the Wisconsin statutes.**

53.     This also violates Wis. Stat. § 109.03, which requires payment of all earned wages within 31 days of when they are earned.

12

**ANSWER NO. 53**:  **Paragraph 53 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it violated any of the Wisconsin statutes.**

54.    MEP's violation of Wisconsin law was dilatory and unjust.

**ANSWER NO. 54**:  **DENIES.**

55.    Schmidt and the Wisconsin Overtime Class suffered wage losses as a result of MEP's violations of the Wisconsin law.

**ANSWER NO. 55**:  **DENIES.**

**THIRD CLAIM FOR RELIEF:**
**BREACH OF CONTRACT IN VIOLATION OF WISCONSIN LAW**

56.    Schmidt individually alleges and incorporates by reference the allegations in the preceding paragraphs.

**ANSWER NO. 56**:  **Defendant re-alleges and incorporates by reference its responses to the preceding paragraphs of the Complaint.**

57.    The employment contract entered into between Schmidt and MEP was a contract under Wisconsin law.

**ANSWER NO. 57**:  **ADMITS.**

58.    MEP breached the contract by failing to pay Schmidt compensation during her 90-day notice period.

**ANSWER NO. 58**:  **DENIES.**

59.    This also violates Wis. Stat. § 109.03, which requires payment of all earned wages, including severance and dismissal pay established by policy or agreement, within 31 days of when they are earned.

**ANSWER NO. 59**:  **Paragraph 59 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it violated any of the Wisconsin statutes.**

60.     As a result of MEP's breach, Schmidt has incurred damages, including unpaid wages and attorney fees.

**ANSWER NO. 60**:  **DENIES.**

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all members of the putative classes, prays for the following relief:

A.     An order designating this action as a collective action and authorizing issuance of notice pursuant to 29 U.S.C. § 216(b) to the Collective Class;

B.     An order certifying this action as a class action on behalf of the proposed Wisconsin Overtime Class under Federal Rule of Civil Procedure 23(b)(3);

C.     An order designating Stacy Schmidt as representative of the Wisconsin Overtime Class;

D.     An order designating Hawks Quindel, S.C., as class counsel;

E.     An order declaring that MEP violated the FLSA and Wisconsin wage and hour laws;

F.     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

G.     Judgment against MEP in the amount equal to Schmidt's, the Collective Class's, and the Wisconsin Overtime Class's unpaid back wages at the applicable overtime rates;

14

H.      An award in the amount of all liquidated damages and penalties as provided under the FLSA and Wisconsin wage and hour laws;

I.      An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims;

J.      Leave to amend the Complaint to add additional claims; and

K.      Any further relief as the Court deems just and equitable.

WHEREFORE, Plaintiff, individually, prays for the following relief:

L.      An order finding that MEP breached its employment contract with Schmidt, and failed to pay all wages due to Schmidt, in violation of Wisconsin law;

M.      An award in the amount of Schmidt's unpaid wages and other compensation for her 90-day notice period;

N.      An award in the amount of all liquidated damages and penalties as provided under Wisconsin wage and hour laws;

O.      An award of pre- and post-judgment interest in the amount permitted by law;

P.      An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

Q.      Any further relief as the Court deems just and equitable.

**RESPONSE TO DEMANDS FOR RELIEF**: **Defendant denies that Plaintiff or any of the alleged class members suffered any damages, that any such alleged damages are the result of Defendant's conduct, that Plaintiff or the Alleged Classes are entitled to any relief whatsoever, and the remainder of the allegations and demands for relief therein.**

15

## AFFIRMATIVE DEFENSES TO ALL COUNTS

Without admitting any of the allegations in the Complaint, Defendant asserts and alleges the following defenses and affirmative defenses. By alleging the defenses and affirmative defenses below, Defendant does not in any way agree or concede that Plaintiff has properly stated any cause of action or that Defendant has the burden of proof or persuasion with respect to any of its defenses. Further, because Defendant has yet to avail itself of the right to discovery, and does not fully know the circumstances of the alleged incidents described in Plaintiff's Complaint, it cannot be determined whether Defendant will assert the below-stated affirmative defenses at trial or whether those will be the only such defenses asserted. Such defenses are, however, asserted herein in order to preserve Defendant's right to assert such defenses and to avoid waiver of any such defenses. Defendant reserves the right to plead any additional affirmative defenses as may become appropriate and/or necessary.

In further answer and as for its affirmative defenses to the Complaint and each of the counts contained therein, Defendant states as follows:

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims and the claims of the individuals whom he purports to represent, are barred in whole or in part, by the doctrine of laches.

3.      Plaintiff's claims and the claims of the individuals whom he purports to represent, are barred in whole or in part, by the doctrine of waiver.

4.      Plaintiff's claims and the claims of the individuals whom he purports to represent, are barred in whole or in part, by the doctrine of estoppel.

5.      Plaintiff's claims and the claims of the individuals whom he purports to represent are barred by the applicable statutes of limitation.

16

6.      Plaintiff's Complaint, and each purported cause of action therein, is barred in whole or in part, because any obligation by Defendant to pay compensation, whether contractual or otherwise, which Plaintiff claims he is owed, has been fully performed, satisfied, or discharged.

7.      To the extent that Defendant is found liable to Defendant for any cause of action, Plaintiff failed to mitigate her damages.

8.      Plaintiff is not an adequate class representative.

9.      The purported class members are not similarly affected by the alleged conduct.

10.     Plaintiff does not share a similar employment background with the purported class members.

11.     Plaintiff's factual claims are not similar to the potential factual claims of the purported class members.

12.     The purported classes are incompatible.

13.     Defendant adequately compensated Plaintiff and all purported class members for all hours worked.

14.     Defendant acted in good faith in compensating its employees.

15.     Defendant had reasonable grounds to believe it was acting in accordance with the FLSA and its relevant regulations.

16.     Defendant had reasonable grounds to believe it was acting in accordance with Chapter 109 of the Wisconsin Statutes and its relevant regulations.

17.     All or part of the time for which Plaintiff and/or the individuals whom she purports to represent to seek compensation was spent engaged in activities that were not compensable.

18.     Plaintiff's claims and the claims of the individuals whom she purports to represent are barred in whole or in part to the extent that Plaintiff or the alleged putative class members have

17

previously pursued any claim before the Wisconsin Department of Workforce Development or the United States Department of Labor.

19.    To the extent it is found liable, Defendant is entitled to a set-off for amounts Plaintiff and/or the alleged putative class members owe Defendant for receipt of any wages and/or other benefits to which they were not entitled and/or did not earn.

20.    To the extent Defendant is found liable, Plaintiff's and any putative class member's claims are barred, in whole or in part, and/or recovery is precluded, because Defendant's conduct was not willful.

21.    Plaintiff and the members of the alleged group of individuals Plaintiff purports to represent acknowledged, ratified, consented to, and acquiesced in the alleged acts or omissions, if any, of Defendant, thus barring them from any relief as prayed for in Plaintiff's Complaint.

22.    Plaintiff's claims fail because some or all or certain hours claimed by Plaintiff and/or some or all of the members of the alleged group of individuals Plaintiff purports to represent are not "hours worked" under applicable Wisconsin or federal law, so that regular or overtime compensation need not be paid for those hours.

23.    Plaintiff's action is barred because Plaintiff and the members of the alleged group of individuals Plaintiff purports to represent seek to recover for time that is de minimis work time and thus not compensable.

24.    Other putative plaintiffs have failed to satisfy the requirements of the FLSA by not filing their required consents to join in this representative action.

25.    To the extent claimed, prayers for certification of a class action, notice to alleged class members, liquidated damages, pre-judgment interest, attorneys' fees, costs, injunctive relief, and/or any other equitable relief are not triable to a jury.

26. To the extent Defendant is found liable, recovery against Defendant is unconstitutional under provisions of the United States Constitution and the Wisconsin Constitution, including the Excessive Fines clause of the Eighth Amendment, the Due Process clauses of the Fifth Amendment, Section 1 of the Fourteenth Amendment, and other provisions of the United States Constitution and Wisconsin Constitution.

27. Plaintiff and the members of the alleged group of individuals Plaintiff purports to represent are not entitled to recover any damages, the existence of which damages Defendant specifically denies, as Defendant acted in good faith reliance on the Wage and Hour Administrator's regulations and decisions, the regulations and decisions of the Wisconsin Department of Workforce Development, and the decisions of federal and state courts.

28. Pleading hypothetically and in the alternative, Defendant did not know that, or show reckless disregard for whether, its conduct was prohibited by the FLSA and/or Wisconsin Statutes.

29. Plaintiff's equitable claims are barred because Plaintiff and the members of the alleged group of individuals Plaintiff purports to represent have an adequate remedy available at law.

30. Plaintiff and the members of the alleged group of individuals Plaintiff purports to represent are not entitled to recover liquidated or exemplary damages, the existence of which damages Defendant specifically denies, as they have not set forth and cannot set forth sufficient facts to support a claim for liquidated or exemplary damages.

**WHEREFORE**, Defendant respectfully requests judgment in its favor dismissing Plaintiff's Complaint on the merits, with prejudice, and with an award of costs and disbursements to Defendant, including reasonable actual attorney's fees under applicable laws, and for such other relief as this Court deems just and equitable.

Dated this 31st day of March, 2025.

**HUSCH BLACKWELL LLP**
Attorneys for Defendant

By:    s/ Thomas P. Heneghan
       Thomas P. Heneghan,(WI # 1024057)
       Thomas O'Day (WI # 1058213)
       Eric R. Locker (WI # 1135929)
       33 East Main Street, Suite 300
       Madison, Wisconsin 53703
       Telephone: 608.255.4440
       Facsimile: 608.258.7138
       Tom.Heneghan@huschblackwell.com
       Tom.Oday@huschblackwell.com
       Eric.Locker@huschblackwell.com

21

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 31st day of March, 2025, I caused the foregoing to be filed

electronically with the Clerk of the Court, and therefore served upon all counsel of record.

<u>/s Thomas P. Heneghan</u>